UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stuart Thomas Irick, #301225 | ) C/A No. 8:08-1912-RBH-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| South Carolina Department of Corrections;<br>Jon Ozmint, Director;<br>Terry Holtclaw, Labor Supervisor, Laurens County DOT, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is an inmate at Perry Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Compliant filed in this case, Plaintiff seeks compensation for pain and suffering resulting from an injury that he allegedly suffered while working on a prison-employment job with the state Department of Transportation. He alleges that he was provided with medical care for the injury by SCDC personnel, but that he had to pay for some of the medical care himself. He seeks reimbursement of the medical expenses he personally paid, and he also seeks compensation for alleged pain and suffering and mental stress. Although he says he complained to "medical" at Perry, Plaintiff does not state in his Complaint whether or not he has also filed any kind of claims for his injuries with either a state court or state agency such as the Workers'

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Compensation Commission or with SCDC through the administrative remedy process.[2]

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) because this Court is without subject matter jurisdiction to consider Plaintiff's claims.

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over

---

[2] Plaintiff clearly states on the face of his Complaint at page 2 in the answer to question C(2) that he did NOT file any SCDC inmate grievances relative to his injury and requests for compensation. Under statutory requirements for federal cases filed by a prisoner, this admitted failure to pursue his claims through the SCDC administrative remedy before filing a federal lawsuit alone requires summary dismissal of Plaintiff's claims for damages. 42 U.S.C. § 1997e; *Woodford v. Ngo*, 548 U.S. 81 (2006).

the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and all Defendants are residents of South Carolina. Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this

case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.   Plaintiff's Complaint involves a more or less routine employer/employee or master/servant tort-based personal injury dispute.  Generally, such tort claims are a matters of state law to be heard in the state courts, unless diversity of citizenship is present.  See, *e. g.*, *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 580 S.E.2d 440 (2003); *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 542 S.E.2d 728 (S.C. 2001).

Plaintiff's allegations do not contain any reference to alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint.  Even if Plaintiff had made assertions that federal rights were violated, this Court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions.  When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case.   District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see  *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908);  *cf*. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Additionally, as stated earlier, the claims that Plaintiff attempts to state against Defendants are state-law based tort/negligence claims, not federal causes of action that fall within the federal question jurisdiction of this Court. *See, e.g.*, *Bloom v. Ravoira*, 529 S.E.2d 710 (S.C. 2000)(negligence); *Howard v. S. C. Dept. of Highways*, 538 S.E.2d 291 (S.C. Ct. App.2000)(property loss and damage by negligence is recoverable). Federal actions for damages against state actors such as Defendants in this case pursuant to 42 U.S.C. § 1983[3] do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989). Although, as stated earlier, this Court could consider a negligence action with $75,000.00 in controversy between citizens of different under its diversity jurisdiction, *see Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. at 788-91, no diversity jurisdiction in this case is evident from the face of the Complaint.[4] Since neither federal question or diversity jurisdiction is available in this case, it should be dismissed without service on Defendants.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[4] Since Defendants are state employees, officials or entities who arguably stood in the position of Plaintiff's employers under the facts of this case, Plaintiff might be able to pursue his claims under the South Carolina Torts Claim Act. S.C. Code § 15-78-10 *et seq.*, or under the South Carolina Workers Compensation Act. S.C. Code Ann. § § 42-1-10 to 42-19-50 (1976 & Supp. 1992). No opinion is expressed in this Report on the potential for success or viability of any such claims that Plaintiff may hereafter file with state agencies or courts.

U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

                                                s/Bruce Howe Hendricks  
                                                United States Magistrate Judge

June 3, 2008  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).